**DENY; and Opinion Filed August 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00981-CV

## IN RE GUIDEONE NATIONAL INSURANCE COMPANY, ET AL., Relators

**Original Proceeding Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-09972**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Schenck

Relators, GuideOne National Insurance Company, United Specialty Insurance Company, and Larry Brown ("GuideOne"), filed this petition for writ of mandamus arguing that the trial court abused its discretion in denying its motion to compel appraisal. The case involves two insurance claims: one for fire damage and another for wind or hail damage to property owned by real party in interest, Sherman Hospitality, Ltd. In July 2014, GuideOne tendered payment to Sherman Hospitality in the amount of $260,549.29 for the fire loss but determined that the property had not sustained any covered wind or hail damage. In September 2014, Sherman Hospitality filed suit. The trial court ordered the parties to mediation, which was unsuccessful. In April 2015, one week after the unsuccessful mediation, GuideOne first sought appraisal.

The right to appraisal is governed by a policy provision that provides, "If the Named Insured and the Company fail to agree on the amount of the loss, the Company can demand that

the amount of loss be set by appraisal."[1]  When Sherman Hospitality failed to respond to the request for appraisal, GuideOne moved to compel appraisal and to abate the case pending its outcome.  The trial court denied the motion.

Appraisal clauses provide a means to resolve disputes about the amount of loss for a covered claim.  *See In re Universal Underwriters of Texas Ins. Co.,* 345 S.W.3d 404, 406–07 (Tex. 2011) (orig. proceeding) (citing *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 888 (Tex. 2009)).  As the supreme court has explained: "In every property damage claim, someone must determine the 'amount of loss,' as that is what the insurer must pay. An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'"  *Johnson,* 290 S.W.3d at 895.

"Appraisal is intended to take place before suit is filed."  *Johnson,* 290 S.W.3d at 894. Appraisal is favored because "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings."  *Johnson*, 290 S.W.3d at 894.  If a party is allowed to delay invoking appraisal until suit is well underway, many of the benefits of appraisal are lost.  Thus, it is possible for a party to waive its right to appraisal by delaying.[2]

The right to demand an appraisal accrues when the parties reach an impasse in their negotiations.  *In re Universal Underwriters*, 345 S.W.3d at 412.  "Once the parties have reached an impasse—that is, a mutual understanding that neither will negotiate further—appraisal must be invoked within a reasonable time."  *In re Universal Underwriters*, 345 S.W.3d at 410.  An

---

[1] While the claims are governed by separate insurance contracts, the language of the policies regarding appraisal and non-waiver is the same.

[2] Citing *In re Certain Underwriters at Lloyds*, 10-11-00263-CV, 2011 WL 4837869, at *10 (Tex. App.—Waco Oct. 12, 2011, orig. proceeding), GuideOne argues that its right to appraisal cannot be waived because the insurance policy includes a clause stating, "This policy contains all the agreements between you and us concerning the insurance afforded.  The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent.  This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy."  *In re Certain Underwriters* involved an appraisal clause that made appraisal a condition precedent to filing suit, however. Thus, permitting the suit to go forward without appraisal would have altered the terms of the policy.  Here, in contrast, the language of the policy makes appraisal an option available to the insurer and not a condition precedent to suit.  Thus, concluding the insurer has evidenced an intention not to exercise its option does not in any way alter the terms of the policy.

impasse does not occur just because the parties disagree about the amount of loss; rather an impasse is reached when it becomes apparent to both sides that they disagree as to the damages and further negotiations are futile. *Id.* at 408–09. Although an impasse can be established at an earlier point, denial of the claim generally causes the parties to reach an impasse. *Compare Sanchez v. Property and Cas. Ins. Co. of Hartford, No*. H-09-1739, 2010 WL 413687, at \*5 (S.D. Tex. Jan. 27, 2010) (memo op.) (applying Texas law) (impasse established when adjuster verbally declined to pay); *with In re Universal Underwriters*, 345 S.W.3d at 410 (no impasse when insurer never denied liability). An impasse can exist despite the fact that the parties are engaged in continuing efforts to resolve their dispute, including mediation. *See Jai Bhole, Inc. v. Employers Fire Ins. Co.*, No. CIV.A. G-10-522, 2014 WL 50165, at \*2 (S.D. Tex. Jan. 7, 2014) (applying Texas law and concluding point of impasse was reached when the insurer chose to stand on its defenses, not later after two subsequent mediation attempts).

Here, in July 2014, GuideOne declined payment for the hail and wind damage claim, citing the wear and tear exclusion in the policy, and tendered a payment for the fire claim in an amount Sherman Hospitality found unsatisfactory. Sherman Hospitality filed suit in September 2014. In view of its own denial of the claim, its insured filing suit, and the absence of any ongoing negotiations from July 2014 through the date of mediation, it is not surprising that there is no suggestion in the mandamus record of a genuine belief by GuideOne that negotiations regarding the existence or amount of loss remained ongoing and would prove productive during the more than six months between the filing of suit and GuideOne's request. During that time Sherman Hospitality was required to incur the costs of hiring experts to assess and value its damages for litigation purposes, thereby reducing or eliminating entirely the efficiencies appraisal is intended to provide. The trial court did not abuse its discretion in concluding that GuideOne waived its right to seek appraisal. *See In re Prudential Ins. Co.,* 148 S.W.3d 124,

135–36 (Tex. 2004) (orig. proceeding) (Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy.).

We deny the petition for writ of mandamus.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

150981F.P05